# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANDRINA DENNIS,**

    **Plaintiff,**

    v.      Case No. 15-CV-188

**SYLVIA IVORY, et al,**

    **Defendants.**

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## TO PROCEED IN FORMA PAUPERIS

On February 18, 2015, the plaintiff, Andrina Dennis ("Dennis"), filed a *pro se* complaint against Sylvia Ivory and Christina Wormin. (Docket # 1.) This matter comes before the court on plaintiff's petition to proceed *in forma pauperis*. From the financial affidavit Dennis has given the court, I conclude that she is unable to pay the fees and costs of filing this lawsuit. However, Dennis's complaint fails to state a claim upon which relief may be granted. Therefore, her motion to proceed *in forma pauperis* will be denied and her case dismissed.

## BACKGROUND

Dennis states that she is the girlfriend of Duran Robinson III ("Robinson"). She alleges that on January 15, 2014, Robinson was released from the House of Corrections at 11:45 a.m.; that she picked him up; and that they went home. Dennis further alleges that, on the same day, Robinson was contacted by his probation officer, Sylvia Ivory ("Ivory"), who stated that "she wanted Duran to meet her @ 3:30pm." Dennis alleges that at 3:30 p.m., Robinson met with Ivory, but that

Robinson "never came back out because [Ivory] locked him up." Dennis alleges that she contacted Ivory three or four days later and that Ivory told her that she had evidence that Robinson told Dennis that "he shot someone." Dennis alleges that Ivory is preventing her from seeing Robinson while he is in custody.

Dennis further alleges that she has attempted to make contact with Christina Wormin ("Wormin"), a correctional field supervisor, in regards to Ivory and that Wormin has yet to respond to her calls.

## DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while simultaneously preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on an affidavit submitted to court. *Id.* The party instituting a civil action in a district court is required to pay a $400 fee to the court's clerk, but if the court determines that the litigant has insufficient assets, the court may authorize the commencement of the action without payment of the fee.

Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed

based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

I will begin with the second inquiry, which requires me to determine whether Dennis's complaint is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Courts must consider that "a *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers…[unless] it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Dennis's complaint fails to state a claim. Unlike state courts, which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). They may entertain cases only where jurisdiction is authorized by the Constitution or by federal statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Though Dennis's financial affidavit states that the type of case she is filing is "civil rights," she has not alleged facts that identify which of her civil rights were violated or stated with particularity how she was discriminated against. Even reading the complaint liberally, as I must, stating that her boyfriend's probation officer will not let her visit her boyfriend and is not returning her calls is not a recognizable federal cause

of action. Therefore, Dennis has not stated a claim upon which relief may granted. Because her complaint does not state a claim, I need not determine whether she is able to pay the cost of filing this action.

Therefore, because Dennis's complaint fails to state a claim on which relief may be granted, her motion to proceed *in forma pauperis* must be denied and her case dismissed.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

**IT IS ALSO ORDERED** that the case be and hereby is **DISMISSED.**

Dated at Milwaukee, Wisconsin this 2nd day of March, 2015.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge